## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGUDAS CHASIDEI CHABAD OF UNITED STATES,<br><br>                Plaintiff,<br><br>    v.<br><br>RUSSIAN FEDERATION, et al.,<br><br>                Defendants. | Misc. Case No. 15-184 Part 1 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER SBERBANK CIB USA, INC.'S MOTION FOR A PROTECTIVE ORDER TO THE ISSUING COURT**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ iii

I.      INTRODUCTION ............................................................................................................ 1

II.     STATEMENT OF FACTS ............................................................................................... 1

III.    ARGUMENT .................................................................................................................... 2

IV.    CONCLUSION ................................................................................................................. 4

# **TABLE OF AUTHORITIES**

**Cases**

*Agudas Chasidei Chabad of United States v. Russian Fed'n*,
   466 F. Supp. 2d 6 (D.D.C. 2006) .................................................................................. 1, 2

*Agudas Chasidei Chabad of United States v. Russian Fed'n*,
   528 F.3d 934 (D.C. Cir. 2008) ...................................................................................... 1, 2

*Agudas Chasidei Chabad of United States v. Russian Fed'n*,
   729 F. Supp. 2d 141 (D.D.C. 2010) .................................................................................. 2

*Agudas Chasidei Chabad of United States v. Russian Fed'n*,
   798 F. Supp. 2d 260 (D.D.C. 2011) .................................................................................. 2

*Agudas Chasidei Chabad of United States v. Russian Fed'n*,
   915 F. Supp. 2d 148 (D.D.C. 2013) .................................................................................. 2

*Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP*,
   No. 15-mc-568, 2015 WL 3413540 (D.D.C. May 28, 2015) ........................................... 4

*Judicial Watch, Inc. v. Valle Del Sol, Inc.*,
   No 14-mc-0538, 2014 WL 4954368 (D.D.C. Oct. 3, 2014) ......................................... 3, 4

*Wultz v. Bank of China*,
   304 F.R.D. 38 (D.D.C. 2014) ....................................................................................... 3, 4

**Rules**

Fed. R. Civ. P 45(f) ................................................................................................................  2

Fed. R. Civ. P. 45 .............................................................................................................. 2, 4

**Other Authorities**

Fed. R. Civ. P. 45(f) Advisory Committee's Note to 2013 Amendment .................................. 2, 3

## I. INTRODUCTION

Agudas Chasidei Chabad of United States ("Chabad") submits this motion to transfer Sberbank CIB USA, Inc.'s Motion for a Protective Order to the issuing Court, the District Court for the District of Columbia, under Federal Rule of Civil Procedure 45(f). Sberbank USA correctly notes that this litigation "has been ongoing for over a decade," including "lengthy proceedings" regarding jurisdiction. Mot. at 1. Although these observations are irrelevant in terms of Sberbank's requirement to respond to the deposition subpoena, the context in which they were raised, they are relevant to the present motion. The District Court for the District of Columbia has dealt with the issues in this case for nearly ten years, issuing multiple opinions in the process. As a result, judicial economy favors transferring this motion to the court most familiar with the issues of this case. Moreover, transferring the motion would help ensure consistent decisions on future similar subpoena related motions, as other courts have observed. Finally, Sberbank USA has little, if any, interest in having this motion resolved in this Court, and litigating this issue in Washington, DC is a comparatively small burden. In sum, a transfer under Rule 45(f) is warranted.

## II. STATEMENT OF FACTS

Chabad brought suit against the Russian Federation, the Russian Ministry of Culture and Mass Communication, the Russian State Library, and the Russian State Military Archive (together, "Russia" or "Defendants") in 2004 to recover its seized property. The details which led to this lawsuit are described in Chabad's Opposition to Sberbank's Motion for a Protective Order, filed herewith, in addition to Judge Lamberth's decision in *Agudas Chasidei Chabad of United States v. Russian Fed'n*, 466 F. Supp. 2d 6 (D.D.C. 2006). In sum, "[t]he religious and historical importance of the Collection to Chabad . . . can hardly be overstated." *Agudas Chasidei Chabad of United States v. Russian Fed'n*, 528 F.3d 934, 938 (D.C. Cir. 2008). This

1

subpoena at issue here is the latest step in Chabad's effort to recover its priceless religious books, manuscripts, and other materials illegally taken from it.

Chabad initially filed suit in the Central District of California, but the lawsuit was transferred in July of 2005 to the District Court for the District of Columbia, and has been pending before Judge Lamberth since. *See* Case No. 05-cv-1548. In that time, Judge Lamberth has issued four opinions, all of them published. *See* 466 F. Supp. 2d 6 (D.D.C. 2006); 729 F. Supp. 2d 141 (D.D.C. 2010); 798 F. Supp. 2d 260 (D.D.C. 2011); 915 F. Supp. 2d 148 (D.D.C. 2013). It suffices to say that the District Court for the District of Columbia is well versed with the facts of this case. *Cf.* 528 F.3d 934, 938 (D.C. Cir. 2008) (noting that the facts of the case were "extensively reviewed in the district court opinion").

On April 30, 2015, Chabad served Sberbank USA with a subpoena seeking documents as well as a Rule 30(b)(6) deposition. Sberbank USA responded with objections on May 14, 2014. With respect to the document subpoena, Sberbank USA produced a publicly available BrokerChecker report regarding its business. The parties then conferred on June 23, 2015 regarding the scope of the possible deposition. On the evening of June 26, 2015, Sberbank served the motion for a protective order at issue here and filed it with this Court.

### III. ARGUMENT

Where, as here, a subpoena related motion is filed in the court that did not issue the subpoena, the court may transfer the motion to the issuing court if it "finds exceptional circumstances" are present. Fed. R. Civ. P. 45(f). Rule 45 was amended in 2013 to include section (f). The Advisory Committee notes explain that a transfer may be appropriate "to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery

in many districts." The ultimate question is whether such benefits outweigh the nonparty's interest in "local resolution of the motion."

Though relatively new, several opinions provide guidance on applying Rule 45(f) and the meaning of "exceptional circumstances." Courts have considered "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, No 14-mc-0538, 2014 WL 4954368, at *3 (D.D.C. Oct. 3, 2014). Consistent with the Advisory Committee notes, transfer has been deemed appropriate based on "the interests of judicial economy and avoiding inconsistent results." *Wultz v. Bank of China*, 304 F.R.D. 38, 46 (D.D.C. 2014)

For example, in *Wultz* the court determined that transfer was appropriate because the issuing court had "familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Id.* at 46. The lawsuit, pending in the Southern District of New York, was brought against a foreign bank to establish its liability for a terrorist attack in Israel. The plaintiffs subpoenaed a former Israeli national security officer, and the State of Israel intervened to quash the motion in the District of Columbia. *Id.* at 39-40. The Court found two factors in particular warranted transfer. *First*, the Court noted that other Israeli non-parties were likely to be subpoenaed. In the event that those subpoenas issued from courts outside of the Southern District of New York, there was a potential for inconsistent rulings that "should be avoided and weigh[ed] in favor of a single judicial officer deciding all of the[] disputes." *Id.* at 46. *Second*, because Judge Scheindlin in this district had been "intimately involved in" the merits underlying the motion to quash, she was "better informed to resolve the issue." *Id.* at 47. Similarly, the court in *Judicial Watch, Inc. v. Valle Del*

*Sol, Inc.*, concluded that a transfer was appropriate because the burden on the challenger to litigate in the issuing court was "minimal," and the case had "been pending for four years" placing that court "in a far better position" to evaluate the relevancy and necessity of the information. 2014 WL 4954368, at *4.

The balance weighs in favor of a transfer here. As in *Wultz* and *Judicial Watch*, the issuing court is steeped in the underlying facts of this case and the contours of the Foreign Sovereign Immunities Act. A transfer would therefore conserve judicial resources. And, as in *Wultz*, Chabad intends to subpoena additional entities with possible Russian assets. It is likely that the same issue raised by Sberbank USA here—that it need not respond with respect to its Russian parent corporation—will be raised by other entities with ties to Russia. Transferring the motion to the issuing court would help ensure consistent rulings. Finally, Sberbank USA has comparatively little, if any, interest to having the subpoena dispute resolved "locally" in this Court. Sberbank USA is "not the kind of local party about which the Advisory Committee was likely concerned." *Fed. Home Loan Mortg. Corp. v. Deloitte & Touche LLP*, No. 15-mc-568, 2015 WL 3413540, at *3 (D.D.C. May 28, 2015) (noting that the Federal Housing Finance Agency, like a national corporation, was not the concern of Rule 45). Sberbank USA is the U.S. arm of an international investment bank. Requiring Sberbank USA's attorneys to litigate this issue in Washington, DC instead of New York City is not a great burden. In sum, the benefits of transferring the motion for a protective order outweigh any interests Sberbank USA has in having the motion resolved in this Court.

### IV.  CONCLUSION

For the foregoing reasons, Chabad requests that the Court transfer Sberbank USA's motion for a protective order to the court issuing the subpoena, the district court for the District

of Columbia.  In the alternative, and as discussed in the opposition filed contemporaneously herewith, Chabad requests that the Court deny Sberbank USA's motion for a protective order.

Dated:  July 16, 2015  Respectfully submitted,

By:  /s/*Steven Lieberman*
Steven Lieberman (SL 8687)
Rothwell, Figg, Ernst & Manbeck, P.C.
607 14th St., N.W., Suite 800
Washington, DC 20005
Phone:  202-783-6040
Facsimile:  202-783-6031
E-Mail:  slieberman@rfem.com

Nathan Lewin (NL 3424)
LEWIN & LEWIN, LLP
888 17th Street NW, 4th Floor
Washington, D.C.  20006
Phone: (202) 828-1000
Facsimile:  (202) 828-0909
E-mail:  nat@lewinlewin.com

*Counsel for Agudas Chasidei Chabad of United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2015, a true and correct copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER SBERBANK CIB USA, INC.'S MOTION FOR A PROTECTIVE ORDER TO THE ISSUING COURT** was filed through the Court's Electronic Filing System (ECF), and was served electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Erik van Leeuwen*
Erik van Leeuwen
Litigation Operations Manager
Rothwell, Figg, Ernst & Manbeck, P.C.